UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2019

JANESSA JORDAN-ROWELL,

                              Plaintiff,

            -against-

FAIRWAY SUPERMARKET,

                              Defendant.

18-CV-1938 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

Plaintiff Janessa Jordan-Rowell, appearing *pro se*, sued Defendant Fairway Supermarket

for employment discrimination and hostile work environment, pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *See* Second Amended Complaint

("SAC"), Dkt 11. Defendant moved to dismiss for improper service and failure to state a claim,

pursuant to Federal Rule of Civil Procedure 12(b); in the alternative, Defendant moved to

compel arbitration, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq. See*

Notice of Mot., Dkt. 27. On January 16, 2019, Magistrate Judge Debra Freeman issued a Report

and Recommendation ("R&R") recommending that Defendant's motion to dismiss for improper

service and motion to compel arbitration be granted and that the SAC be dismissed without

prejudice. *See* R&R, Dkt. 43. No party objected to the R&R.

For the following reasons, the R&R is ADOPTED in full. Defendant's motion to compel

arbitration is GRANTED. Defendant's motion to dismiss for improper service is GRANTED.

This case is DISMISSED WITHOUT PREJUDICE.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§ 636(b)(1)(C). Where, as here, no timely objection has been made by either party, "a district

court need only find that there is no clear error on the face of the record in order to accept the report and recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (a district court "may adopt those portions of the [magistrate's] report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b))). Failure to file timely objections to the magistrate's report constitutes a waiver of those objections both within the district court and on appeal. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Court finds no clear error in Judge Freeman's R&R with respect to Defendant's motion to dismiss for insufficient service of process. *See* R&R at 10–12. As Judge Freeman points out, Plaintiff failed to properly serve Defendant with the SAC, despite having had more than seven months to do so. *See id.* Plaintiff has also not requested an extension of her time to effect service, nor has she shown good cause for the failure to serve.[1]

With respect to Defendant's motion to compel arbitration, the Court finds no clear error in Judge Freeman's recommendation that the motion be granted. *See* R&R at 18–20. Indeed, as Judge Freeman points out, Plaintiff does not dispute that the Arbitration Agreement is valid and enforceable, or that it applies to her claims. *See id.* at 20; *see also* Pl.'s Resp. Mem. of Law, Dkt. 40. Accordingly, Plaintiff's claims must be submitted to arbitration. As Judge Freeman

---

[1] Although Plaintiff is a *pro se* litigant, she did not move for leave to proceed *in forma pauperis* and therefore is responsible for serving her own pleadings. *See* Order of Service (June 6, 2018), Dkt. 13. Additionally, although the Court would ordinarily grant a *pro se* litigant an additional opportunity to effect proper service, the Court declines to do so in this instance because Plaintiff has failed to object to the R&R and because Plaintiff's claims are, in any event, subject to arbitration.

points out, although the Court ordinarily must stay a case pending arbitration whenever a stay is requested, dismissal is warranted here because of Plaintiff's failure to effect service of process.

## CONCLUSION

For all the foregoing reasons, the R&R is ADOPTED in full. Defendant's motion to compel arbitration is GRANTED. Defendant's motion to dismiss for improper service is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

Because the R&R gave the parties adequate warning, *see* R&R at 21–22, the parties' failure to file written objections to the R&R precludes appellate review of this Order. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk of Court is respectfully directed to terminate all open motions and to CLOSE the case.

**SO ORDERED.**

Dated:  **February 12, 2019**
        **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**